UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALIL EL-RASHAD BEY, #202688,

        Petitioner,

v.

        CASE NO. 2:18-CV-10206
        HONORABLE VICTORIA A. ROBERTS

MATT MACAULEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE AMENDED PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a *pro se* habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Khalil El-Rashad Bey ("Petitioner") was convicted of felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, second offense, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court. He was sentenced, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to consecutive terms of 2 ½ to 5 years imprisonment and 5 years imprisonment on those convictions in 2014. In his pleadings, Petitioner raises a claim concerning the effectiveness of trial and appellate counsel. For the reasons set forth, the Court denies and dismisses with prejudice the Petition for a Writ of Habeas Corpus. The Court also denies a Certificate of Appealability ("COA") and denies Petitioner leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's convictions arise from his possession of firearms at his residence in Detroit,

Michigan in 2014. The Michigan Court of Appeals described the underlying facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> This case arises out of the execution of an arrest warrant for defendant, as well as a search warrant pertaining to a residence in which defendant was found by police. Defendant was the only person in the house and the police discovered a handgun and a long gun in a room on the top floor of the three-story residence.
>
> \*\*\*
>
> Here, the two firearms were found loaded inside a home that defendant had recently acquired, and the address on defendant's driver's license matched the home's address. Defendant conceded these points at trial. As mentioned above, defendant was the only person inside the home during the search that produced the two firearms, and there was no evidence of any other occupants or residents of the home. According to a police officer who spoke to defendant at the scene, defendant indicated that the firearms were present in the home when defendant had moved in. Of the entire house, only the third floor room where the guns were discovered was livable, and the room contained a mattress, clothing, and other items indicating recent use as a bedroom. Additionally, the eye-level shelf on which the firearms were located was directly above the mattress on the floor of the bedroom. According to the officer that discovered the firearms, defendant would have been able to see the firearms and reach them with minimal effort from anywhere in the third floor living area.

*People v. El-Rashad Bey*, No. 322609, 2015 WL 7356577, \*1-2 (Mich. Ct. App. Nov. 19, 2015). (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence, the trial court's denial of a defense witness, and the trial court's subject matter jurisdiction. Petitioner raised the jurisdictional claim in a pro per brief and asserted that the felony complaint was not filed and was not supported by probable cause and that the felony warrant was not filed and was improperly issued due to the defects in the complaint. The court denied relief on the claims and affirmed Petitioner's convictions and sentences. *Id.* at \*2-3. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. El-Rashad Bey*,

499 Mich. 969, 880 N.W.2d 539 (2016).

Petitioner subsequently filed a motion for relief from judgment with the state trial court raising claims concerning the validity of the arrest warrant, the trial court's lack of jurisdiction, and the effectiveness of counsel for failing to raise the foregoing issues. The trial court denied relief on those claims on the merits and also ruled that Petitioner failed to show actual prejudice as required by Michigan Court Rule 6.508(D)(3) to excuse his failure to raise the claims on direct appeal. *See People v. El-Rashad Bey*, No. 13-010797-01-FH (Wayne Co. Cir. Ct. Oct. 6, 2016), ECF No. 9-10. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for failure "to establish that the trial court erred in denying the motion for relief from judgment." *People v. El-Rashad Bey* No. 335442 (Mich. Ct. App. Jan 6, 2017) (unpublished), ECF No. 9-11, PageID.497. Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied pursuant to Michigan Court Rule 6.508(D). *People v. El-Rashad Bey*, 501 Mich. 924, 903 N.W.2d 564 (2017).

Petitioner thereafter filed his federal Petition for a Writ of Habeas Corpus. In his pleadings, he asserts that trial counsel and appellate counsel were ineffective for failing to raise the jurisdictional issues that he raised in his pro per brief on direct appeal and in his motion for relief from judgment on collateral review in the state courts. ECF No. 1. Respondent filed an Answer in Opposition to the Petition for a Writ of Habeas Corpus contending that it should be denied. ECF No. 8. Petitioner filed a Reply to that Answer. ECF No. 10.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA

3

provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court

4

decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.; see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous

5

occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court'") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, _ U.S. _, 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**IV.   Discussion**

Petitioner asserts that he is entitled to habeas relief because trial counsel and appellate counsel were ineffective for failing to raise the jurisdictional issues that he raised in his pro per

brief on direct appeal and in his motion for relief from judgment on collateral review in the state courts. Respondent contends that this claim lacks merit and does not warrant federal habeas relief.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."

*Strickland*, 466 U.S. at 686.

A federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

The right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). In order to establish ineffective assistance of appellate counsel, a habeas petitioner must meet the *Strickland* standard. It is well-established, however, that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of

appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner first raised the issue of ineffective assistance of counsel in his motion for relief from judgment. The state trial court denied relief on that claim finding that the underlying jurisdictional issues lacked merit, such that counsel was not ineffective for failing to make meritless arguments. *El-Rashad Bey*, No. 13-010797 at *3; ECF No. 9-10, PageID.495.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Both the Michigan Court of Appeals on direct appeal and the state trial court on collateral review ruled that Petitioner's underlying jurisdictional claims lacked merit. *El-Rashad Bey*, 2015 WL 7356577 at *3; *El-Rashad Bey*, No. 13-010797 at *2-3, ECF No. 9-10, PageID.494-495. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). State courts are the final arbiters of state law and federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *Daniel v. McQuiggin*, 678 F. Supp. 2d 547, 553 (E.D. Mich. 2009). Thus, "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction

9

for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001).

Consequently, given the state courts' rulings that the underlying jurisdictional claims lack merit, Petitioner cannot establish that trial counsel or appellate counsel erred and/or that he was prejudiced by counsels' conduct. Trial counsel cannot be deemed deficient for failing to make a meritless argument or a futile objection. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Similarly, appellate counsel cannot be deemed ineffective for failing to raise issues that lack merit. *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013); *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010). Petitioner fails to establish that trial counsel or appellate counsel were ineffective under the *Strickland* standard.[1] Habeas relief is not warranted.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus.

Before Petitioner may appeal the Court's decision, a Certificate of Appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A federal court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

---

[1] The Court notes that Petitioner seems to raise new ineffective assistance of counsel claims in his Reply. A habeas petitioner may not plead new claims in a reply. *See Jalowiec v. Bradshaw*, 657 F.3d 293, 311-312 (6th Cir. 2011) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005)); *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004) ("a traverse or reply to an answer to a petition for writ of habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. A court cannot consider new issues raised in a traverse or reply to the State's answer."). Thus, any new issues raised in the Reply are not properly before the Court and will not be considered.

U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner makes no such showing.  He fails to make a substantial showing of the denial of a constitutional right as to his habeas claims.  Accordingly, the Court **DENIES** a COA.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. FED. R. APP. P. 24(a).  Accordingly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated:  November 23, 2020